IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ENGLEBERT PERLAS,

        Petitioner,                        No. CIV S-10-2831 WBS EFB P

    vs.

GARY SWARTHOUT,

        Respondent.                 FINDINGS AND RECOMMENDATIONS

_____/

       Petitioner, a state prisoner proceeding without counsel on a petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254. He challenges the November 10, 2009 decision of the California Board of Parole Hearings ("Board") to deny him parole. Petitioner claims that the Board's decision violated his right to due process because it was not supported by some evidence of his current dangerousness. He also claims the Board violated the Ex Post Facto Clause by deferring his subsequent parole suitability hearing for three years pursuant to Marsy's Law. Petitioner also requests appointment of counsel. Respondent moves to dismiss the petition on the ground it fails to state cognizable grounds for federal habeas relief, and raises a challenge that is the subject of a pending class action suit. For the reasons that follow, the undersigned will deny the request for counsel and recommend that the motion to dismiss be granted.

////

1

## I. Request for Counsel

In his petition, petitioner requests that the court appoint him counsel. Dckt. No. 1 at 20.[1] There currently exists no absolute right to appointment of counsel in habeas proceedings. *See Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996). The court may appoint counsel at any stage of the proceedings "if the interests of justice so require." *See* 18 U.S.C. § 3006A; *see also*, Rule 8(c), Rules Governing § 2254 Cases. The court does not find that the interests of justice would be served by the appointment of counsel at this stage of the proceedings.

## II. Respondent's Motion to Dismiss

Respondent moves to dismiss the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases. This court has authority under Rule 4 to dismiss a petition if it "plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." As a corollary to that rule, the court may also consider a respondent's motion to dismiss, filed in lieu of an answer, on the same grounds. *See, e.g., O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate a motion to dismiss for failure to exhaust state remedies); *White v. Lewis*, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as the procedural vehicle to review a motion to dismiss for state procedural default).

### A   Due Process Claim

Petitioner contends that the Board's 2009 decision to deny him parole violated his right to due process because it was not supported by some evidence that he posed an unreasonable risk of danger to society. Dckt. No. 1 at 6, 25-31. Petitioner argues further that there was no nexus between the Board's findings for denying parole and a current unreasonable risk to the public were he paroled. *Id.* at 31. Respondent moves to dismiss this claim because it is not cognizable in federal habeas. Mot. at 5.

////

---

[1] The page numbers cited herein are those assigned by the court's electronic docketing system and not those assigned by the parties.

2

Under California law, a prisoner is entitled to release unless there is "some evidence" of his or her current dangerousness. *In re Lawrence*, 44 Cal. 4th 1181, 1205-06, 1210 (2008); *In re Rosenkrantz*, 29 Cal. 4th 696, 651-53 (2002). According to the United States Supreme Court, however, federal habeas review of a parole denial is limited to the narrow question of whether a petitioner has received "fair procedures." *Swarthout v. Cooke*, 131 S.Ct. 859, 862 (2011). That is, a federal court may only review whether a petitioner has received a meaningful opportunity to be heard and a statement of reasons why parole was denied. *Id*. (federal due process satisfied where petitioners were "allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied"). Whether the petitioner "was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied" is "the beginning and the end of the federal habeas courts' inquiry into whether [the petitioner] received due process." *Id.* Thus, this court may not review whether the Board correctly applied California's "some evidence" standard. *Id.* at 862-63.

Petitioner does not allege he was denied the opportunity to be heard at his 2009 parole suitability hearing or a statement of the reasons why parole was denied. Rather, the record reflects that petitioner was given both the opportunity to be heard and a statement of the reasons why parole was denied. *See* Dckt. No. 1 at 74-205 (showing petitioner was present at the hearing, allowed to speak, and represented by an attorney). This is all that due process requires. Accordingly, the court finds that petitioner's due process claim should be dismissed because it is not cognizable in federal habeas.

**B.     Ex Post Facto Claim**

Petitioner claims the Board violated the Ex Post Facto Clause by denying him parole for three years pursuant to Marsy's Law. Dckt. No. 1 at 6, 21-25. Marsy's Law, approved by California voters in November 2008, amended California's law governing parole deferral periods. *See Gilman v. Davis*, 690 F. Supp.2d 1105, 1109-13 (E.D. Cal. 2010) (granting

3

plaintiffs' motion for preliminary injunction to enjoin enforcement of Marsy's Law, to the extent it amended former California Penal Code section 3041.5(b)(2)(A)), *rev'd sub nom. Gilman v. Schwarzenegger*, 638 F.3d 1101 (9th Cir. 2011).  Prior to Marsy's Law, the Board deferred subsequent parole suitability hearings to indeterminately-sentenced inmates for one year unless the Board determined it was unreasonable to expect that parole could be granted the following year, in which case the Board could defer the subsequent parole suitability hearing for up to five years.  Cal. Pen. Code § 3041.5(b)(2) (2008).  Marsy's Law, which applied to petitioner at his 2009 parole suitability hearing, amended section 3041.5(b)(2) to impose a minimum deferral period of three years, and to authorize the Board's deferral of a subsequent parole hearing for up to seven, ten, or fifteen years.  *Id.* § 3041.5(b)(3) (2010).

The Constitution provides that "No State shall . . . pass any . . . ex post facto Law."  U.S. Const. art. I, § 10.  A law violates the Ex Post Facto Clause of the United States Constitution if it: (1) punishes as criminal an act that was not criminal when it was committed; (2) makes a crime's punishment greater than when the crime was committed; or (3) deprives a person of a defense available at the time the crime was committed.  *Collins v. Youngblood*, 497 U.S. 37, 52 (1990).  The Ex Post Facto Clause "is aimed at laws that retroactively alter the definition of crimes or increase the punishment for criminal acts."  *Himes v. Thompson*, 336 F.3d 848, 854 (9th Cir. 2003) (quoting *Souch v. Schaivo*, 289 F.3d 616, 620 (9th Cir. 2002)).  *See also Cal. Dep't of Corr. v. Morales*, 514 U.S. 499, 504 (1995).  The Ex Post Facto Clause is also violated if: (1) state regulations have been applied retroactively; and (2) the new regulations have created a "sufficient risk" of increasing the punishment attached to the crimes.  *Himes*, 336 F.3d at 854.  The retroactive application of a change in state parole procedures violates ex post facto only if there exists a "significant risk" that such application will increase the punishment for the crime.  *See Garner v. Jones*, 529 U.S. 244, 259 (2000).

Respondent contends that petitioner's ex post facto claim should be dismissed because petitioner is already a member of a class action – *Gilman v. Fisher*, No. Civ. S-05-830 LKK

4

GGH – which addresses this issue.[2] Mot. at 4. As explained below, the court agrees that petitioner's ex post facto claim should be dismissed in light of the *Gilman* class action.

In a class action for injunctive relief certified under Rule 23(b)(2) of the Federal Rules of Civil Procedure, a court may, but is not required, to permit members to opt-out of the suit. *Crawford v. Honig*, 37 F.3d 485, 487 n.2 (9th Cir. 1994). In certifying the *Gilman* class, the district court found that plaintiffs satisfied Rule 23(a) and Rule 23(b)(2)'s requirement that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." *See Gilman v. Fisher*, No. Civ. S-05-830 LKK GGH ("*Gilman*"), Dckt. No. 182 (March 4, 2009 Order certifying class pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure), Dckt. No. 257 (June 3, 2010 Ninth Circuit Court of Appeals Memorandum affirming district court's order certifying class). According to the district court in *Gilman*, its members "may not maintain a separate, individual suit for equitable relief involving the same subject matter of the class action." *Gilman*, Dckt. No. 296 (December 10, 2010 Order) at 2; *see also* Dckt. No. 278 (October 1, 2010 Order), Dckt. No. 276 (September 28, 2010 Order), Dckt. No. 274 (September 23, 2010 Order).

One of the plaintiffs' claims in *Gilman* is that Marsy's Law's amendments to section 3041.5(b)(2) regarding parole deferral periods violates the Ex Post Facto Clause because "when applied retroactively, [they] create a significant risk of increasing the measure of punishment attached to the original crime." *Gilman*, Dckt. No. 154-1 (Fourth Amended/Supplemental Complaint), Dckt. No. 183 (March 4, 2009 Order granting plaintiff's motion for leave to file Fourth Amended/Supplemental Complaint). With respect to this ex post facto claim, the class in *Gilman* is comprised of "all California state prisoners who have been sentenced to a life term with possibility of parole for an offense that occurred before November 4, 2008." *Gilman*, Dckt.

---

[2] A court may take judicial notice of court records. *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

5

No. 340 (April 25, 2011 Order amending definition of class). The *Gilman* plaintiffs seek declaratory and injunctive relief, including a permanent injunction enjoining the Board from enforcing Marsy's Law's amendments to section 3041.5(b) and requiring that the Board conduct a new parole consideration hearing for each member of the class. *Gilman*, Dckt. No. 154-1 (Fourth Amended/Supplemental Complaint) at 14.

Here, petitioner alleges he is a California state prisoner who was sentenced to a life term with the possibility of parole for an offense that occurred before November 4, 2008. Dckt. No. 1 at 1. Accepting petitioner's allegations as true, he is a member of the *Gilman* class.

Petitioner also seeks equitable relief only and raises the same ex post facto claim that is central to the *Gilman* class action. Petitioner requests that the court declare that retroactive application of Marsy's Law violates the Ex Post Facto Clause and order that petitioner be released on parole. Dckt. No. 1 at 20. However, even if this court found that the Board's three-year deferral of petitioner's next parole suitability hearing violated the Ex Post Facto Clause, it would not entitle petitioner to release on parole. Because the ex post facto claim concerns only the *timing* of petitioner's next suitability hearing, success on this claim would not necessarily result in determinations that petitioner is suitable for parole and should be released from custody. Rather, petitioner's equitable relief would be limited to an order directing the Board to conduct a new parole suitability hearing and enjoining the Board from enforcing any unconstitutional provisions of Marsy's Law. This is the same relief petitioner would be entitled to as a member of the *Gilman* class action. *See Gilman*, Dckt. No. 154-1 (Fourth Amended/Supplemental Complaint) at 14.

Accordingly, the court finds that petitioner's rights will "be fully protected by his participation as a class member" in *Gilman*, and therefore recommends that petitioner's ex post facto claim be dismissed. *See Crawford v. Bell*, 599 F.2d 890, 892 (9th Cir. 1979); *see also McNeil v. Guthrie*, 945 F.2d 1163, 1165 (10th Cir. 1991) ("Individual suits for injunctive and equitable relief from alleged unconstitutional prison conditions cannot be brought where there is

6

an existing class action."); *Gillespie v. Crawford*, 858 F.2d 1101, 1103 (5th Cir. 1988) (per curiam) ("To allow individual suits would interfere with the orderly administration of the class action and risk inconsistent adjudications.").

### III. Conclusion

For the reasons stated above, this action should be dismissed. There is no basis for concluding that a tenable claim for relief could be pleaded, even if leave to amend were granted. *See Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971) (petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted).

Accordingly, it is hereby ORDERED that petitioner's request for appointment of counsel is denied.

Further, it is hereby RECOMMENDED that:

1. Respondent's February 14, 2011 motion to dismiss be granted; and

2. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing

////

////

////

7

1  Section 2254 Cases (the district court must issue or deny a certificate of appealability when it
2  enters a final order adverse to the applicant).
3  Dated:   August 31, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE